UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HERMAN BANDY, § | |
| *Plaintiff* § | |
| § | |
| v. § | No.  1:22-CV-00144-DAE |
| § | |
| TRC SOLUTIONS, INC., TRC § | |
| ENGINEERS, INC., TRC FIELD § | |
| SERVICES - TRC ENGINEERS, § | |
| INC., § | |
| *Defendants* § | |
| § | |

**ORDER**

Before the Court is Plaintiff Herman Bandy's Rule 15 Motion for Leave to File Plaintiff's Second Amended Complaint, Dkt. 45; and all related briefing. After considering the motion and the relevant caselaw, the Court grants the motion.

**I.     BACKGROUND**

This is a Fair Labor Standards Act ("FLSA") case concerning unpaid overtime wages. Dkt. 17, at 1. Bandy filed his Original Complaint on February 16, 2022, naming only TRC Companies, and alleging violations of the FLSA for an alleged failure to pay overtime to himself and others similarly situated. Dkt. 1, at 1. However, based on W2 forms obtained in discovery and Defendants' statements that TRC Companies was not Bandy's employer, Bandy filed his First Amended Complaint on January 3, 2023. Dkts. 45, at 3; 45-2, at 1; 45-6, at 1-2. Bandy's First Amended Complaint omitted TRC Companies and instead named TRC Companies'

1

subsidiaries, TRC Solutions, Inc., TRC Field Services, and TRC Engineers, Inc. Dkt. 17, at 1.

Bandy now claims that after further discovery, specifically depositions of Defendants' corporate representatives taken in August and September 2023, he has learned that "TRC Companies, Inc. was a joint employer" under the FLSA and that TRC Engineers Inc., never employed him. Dkts. 45, at 3; 45-7, at 2. Accordingly, he seeks leave to amend his complaint to add TRC Companies and remove TRC Engineers, Inc. *Id.* Beyond these changes, Bandy "does not seek to add additional claims or causes of action to this litigation." Dkt. 45, at 2. As is relevant here, the deadline to amend pleadings was originally December 9, 2022, but was extended to December 23, 2022. Dkt. 13, at 1.

While Bandy states that Defendants oppose his motion, Defendants filed an untimely response one month after Bandy filed his motion, without seeking leave of Court. Dkts. 45, at 3; 55, at 1. Defendants state that they oppose the motion to amend because the "evidence proffered in discovery demonstrates that TRC Companies, Inc. was not Bandy's employer and is not an appropriate party in this lawsuit." Dkt. 55, at 1.

## II.     LEGAL STANDARD

"Ordinarily, Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings." *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013). "Where a court's permission for leave to amend is required because the amendment is not a matter of course, leave to amend 'shall be freely given when

justice so requires.'" *Id.* (citing *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). "This is a lenient standard, but it does not apply if an amendment would require the modification of a previously entered scheduling order." *Id.* "Instead, Rule 16(b) governs the amendment of pleadings 'after a scheduling order's deadline to amend has expired.'" *Filgueira*, 734 F.3d at 422 (citing *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008)). Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). "Only upon the movant's demonstration of good cause to modify the schedule order [under Rule 16(b)] will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S & W Enters.*, 315 F.3d at 536.

The good cause standard under Rule 16(b) requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). Further, the Fifth Circuit has adopted a four-factor analysis to address good cause as to "untimely motions to amend pleadings." *Id.* at 536. In determining whether good cause is shown, the Court considers "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Filgueira*, 734 F.3d at 422 (citing *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012)). The analysis likewise applies to leave sought for the purpose of adding

3

new parties. *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005) (finding no abuse of discretion where the district court denied a request to add a new party for failure to show good cause).

### III.     ANALYSIS

#### A.     Rule 16(b)

As established, whether Bandy should be permitted to add TRC Companies as a new party is governed by Rule 16(b).

##### 1.     Bandy's explanation for failure to timely amend

The first factor is the explanation for failure to timely move to amend. *Filgueira*, 734 F.3d at 422. Bandy's explanation is that, while he originally named TRC Companies, he removed them from his pleadings based on the W2s obtained in discovery as well as representations from Defendants that TRC Companies was not his employer. Dkts. 45, at 3; 45-2, at 1; 45-6, at 1-2. Now, based on depositions of corporate representatives and after notifying Defendants that TRC Companies should be classified as a joint employer under the FLSA, Bandy requests that he be permitted to re-name TRC Companies. Dkt. 45, at 3.

Though Bandy's motion for leave to amend comes ten months after the December 23, 2022, deadline to amend pleadings, the motion was filed only one month after the last of the relevant corporate representative depositions were taken. Dkts. 45-9, at 2; 45-10, at 2. Given that Bandy initially named TRC Companies, removed it based on Defendants' representations, and moved for leave soon after discovering that TRC Companies should be named, the Court finds that Bandy's

explanation for his failure to timely move for leave is sufficient. Therefore, the first factor weighs in favor of allowing Bandy to amend to add TRC Companies.

       2.     Importance of the amendment

The second factor is the importance of the amendment. *Filgueira*, 734 F.3d at 422. Here, the amendment appears to be particularly important given the relationship between TRC Companies and its subsidiaries, TRC Solutions and TRC Field Services, and the way liability attaches under the FLSA.

Under the FLSA, liability for violating the FLSA's overtime provision attaches to individuals and entities who qualify as an "employer." *See Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971 (5th Cir. 1984). "Consistent with its broad, remedial purposes, the FLSA defines the term 'employer' expansively—the statute places no express limitation on the word's meaning, stating only that it 'includes any person acting directly or indirectly in the interest of an employer in relation to an employee.'" *Avila v. SLSCO, Ltd.*, No. 3:18-CV-00426, 2022 WL 784062, at *11 (S.D. Tex. Mar. 15, 2022), *report and recommendation adopted*, No. 3:18-CV-00426, 2022 WL 980273 (S.D. Tex. Mar. 31, 2022) (citing 29 U.S.C. § 203(d)). The breadth of these definitions brings some employment relationships that might not qualify as such "under a strict application of traditional agency law principles" or under other federal or state statutes, within the FLSA's coverage. *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992).

In the Fifth Circuit, when determining whether a joint-employer relationship exists, courts apply a four-factor "economic-realities test." *See Gray v. Powers*, 673

F.3d 352, 355 (5th Cir. 2012). "The four-factor economic-realities test asks whether an alleged employer: (1) possessed the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *See id.* For purposes of the FLSA, whether an individual or entity "is an employer or joint employer is essentially a question of fact." *Pearson v. Frequency Car Audio #1, L.L.C.*, 741 F. App'x 275, 276 (5th Cir. 2018) ("Joint employer status is a question of fact.").

Under these standards Bandy argues that TRC Companies is a joint employer because his offer of employment came from TRC Companies, he was subject to TRC Companies' employee handbook, TRC Companies determined his rate of pay, and records related to his employment were maintained by TRC Companies' human resources department. Dkt. 45, at 7. For the purposes of Bandy's motion to amend, the Court need not resolve the issue of whether the facts sufficiently demonstrate that TRC Companies is Bandy's joint employer. It is sufficient that if TRC Companies is a joint employer, liability for unpaid overtime may attach under the FLSA. The second factor concerning the importance of the proposed amendment weighs in favor of granting Bandy leave to amend to re-name TRC Companies.

        3.    Potential prejudice and the availability of a continuance to cure such prejudice

The third and fourth factors are the potential prejudice in allowing the amendment and the availability of a continuance to cure such prejudice. *Filgueira*, 734 F.3d at 422. Here, as to prejudice, the Court is cognizant of possible hardship

accompanying re-naming TRC Companies 11 months after Bandy removed them from his pleadings. However, the underlying factual basis and the nature of Bandy's claims have not changed. Further, Bandy notified Defendants of his concerns related to TRC Companies' status as a joint employer in March 2023 (just 2 months after removing TRC Companies from his pleadings) and sought 30(b)(6) depositions on that basis. Dkts. 45, at 3; 45-7, at 2. TRC Companies has had some notice that Bandy might seek to re-name it. Moreover, TRC Companies, as the parent company of TRC Solutions and TRC Field Services, is already apprised of the status of the suit, and has participated in discovery. Dkts. 45-2, 45-9; 45-10 . It would not be unduly prejudicial to require TRC Companies to further defend the suit and participate in this case.

Any potential prejudice of allowing Bandy to amend his pleadings to re-name TRC Companies is dispelled by the fourth factor, the availability of a continuance. In the instant case, a continuance is not even necessary—the case has not been set for trial, and the Court has already granted extensions of the discovery and dispositive motions deadlines. *See* Dkt. 52. The Court finds that the balance of the four factors collectively weigh in favor of allowing Bandy to amend his complaint to re-name TRC Solutions.

Because good cause exists under Rule 16(b), Bandy must now meet the Rule 15(a) requirements in order to amend. *See* S *& W Enters.*, 315 F.3d at 536.

### B.     Rule 15(a)

Rule 15(a) provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the

7

Court must do so "unless there is a substantial reason to deny leave to amend." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981); *see also Jebaco Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 322 (5th Cir. 2009) (citing *Whitmire v. Victus Ltd.*, 212 F.3d 885, 889 (5th Cir. 2000)) ("[L]eave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile."). Under Rule 15, there are five considerations to determine whether to grant a party leave to amend a complaint: (1) "undue delay"; (2) "bad faith or dilatory motive"; (3) "repeated failure to cure deficiencies by amendments previously allowed"; (4) "undue prejudice to the opposing party by virtue of the allowance of the amendment"; and (5) "futility of the amendment." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent these factors, the leave sought should be "freely given." *Id.*; *see also Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

The Court finds Bandy meets the Rule 15(a) standard as it pertains to re-naming TRC Companies and removing TRC Engineers. As set forth above, the Court finds Bandy's explanation for his failure to timely move for leave to amend sufficient. First, based upon the same analysis, the Court finds Bandy did not unduly delay in seeking leave to amend. Second, Plaintiff has previously amended his complaint only once before and did so based on representations by Defendants that TRC Companies was not his employer, and there is no indication that leave to amend now sought is for bad faith or a dilatory motive. Third, any prejudice can be mitigated by allowing

additional dispositive motions to be filed which can be filed before the parties' newly extended July 9, 2024, dispositive motions deadline. *See* Dkt. 52. Bandy's proposed Second Amended Complaint is not futile since the underlying facts and circumstances may be a proper subject of relief under the FLSA. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In light of these considerations and in the interests of justice, the Court finds there is no "substantial reason" to deny Bandy's Motion for Leave to Amend his Complaint.

## IV. CONCLUSION

Based on the forgoing discussion, it is **ORDERED** that Bandy's Motion to Amend, Dkt. 45, is **GRANTED**. Bandy's Second Amended Complaint, Dkt. 45-1, is deemed properly filed before the Court.

SIGNED November 30, 2023.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE