IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HERMAN BANDY, | § | No. 1:22-cv-144 |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| TRC SOLUTIONS, INC., RTC | § | |
| ENGINEERS, INC., TRC FIELD | § | |
| SERVICES – TRC ENGINEERS, INC., | § | |
| Defendants. | § | |
| | § | |

ORDER: (1) ADOPTING REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE; AND (2) GRANTING PLAINTIFF'S MOTION TO
CERTIFY CLASS WITH MODIFICATION TO CLASS DEFINITION

Before the Court is a Report and Recommendation ("Report") submitted by United States Magistrate Judge Dustin Howell. (Dkt. # 68.) The Court finds this matter suitable for disposition without a hearing. After reviewing the Report, the Court **ADOPTS** Judge Howell's recommendation, and Plaintiff's Motion to Certify Class is **GRANTED**, with slight modification in the class description and notice requirements. (Dkt. # 48.)

BACKGROUND

Plaintiff Herman Bandy filed his amended complaint on July 5, 2022, alleging a cause of action under the Fair Labor Standards Act ("FLSA") arising out of his employment with TRC from approximately January 1, 2019, to July 7, 2020.

(Dkt. # 45-1 at 2.)  TRC is a consulting, engineering, and construction management firm.  (Id.)  Bandy worked for TRC as a Lead Right-of-Way Agent/Landman Supervisor.  (Id. at 7.)  In this position, Bandy "made phone calls and personal visits to land and mineral rights owners, prepar[ed] land leases and easements, submit[ted] documents to his supervisors, review[ed] titles and pipeline construction related matters, and attend[ed] regular meetings."  (Id.)  Bandy's role was a "full time, exempt, day rate position" for which he was paid a "daily rate of $235 per day," plus a $100 per day toolkit allowance, and $144 per diem.  (Dkt. #48-5 at 2.)  Bandy alleges that TRC did not pay him overtime for hours worked in excess of 40 hours per week, as required by the FLSA.  (Dkt. # 45-1 at 2–3.)

Bandy claims he was not the only employee TRC failed to compensate appropriately.  In his complaint, Bandy alleges other individuals similarly "work[ed] on [TRC's] behalf including other landmen, right-of-way agents, title agents, and supervisors, who provide[d] land leasing services, obtain[ed] easements from property owners, research[ed] land titles, and [performed] other related work for Defendants' oil and gas customers."  (Id.)  Bandy states these other TRC employees "are similarly situated to [him] in all relevant respects" in that they were also "paid a day rate for each day worked, regardless of hours worked" and were allegedly "wrongly denied … overtime

2

premium compensation … for hours worked in excess of 40-hours in any workweek." (Id. at 10.)

Based on these allegations, Bandy moved for a certification of a collective action of a class comprising:

> All current and former employees, employed by, or working on behalf of, TRC Companies, Inc., TRC Solutions, Inc., and/or TRC Field Services, who worked in excess of 40 hours in any workweek, and who were paid a day rate which failed to include overtime compensation at any time during the three (3) years preceding the filing of Plaintiff's Complaint (the "Putative Collective Action Members").

(Dkts. # 45-1 at 4, 48 at 5.)

TRC opposes class certification, asserting the putative class includes employees not similarly situated to Bandy. (Dkt. # 60 at 4.) TRC alleges the class includes employees with different duties, job site locations, and supervisor status from Bandy, making it inapt for the purposes of class certification. (Id.) For the Court to allow class certification, Bandy must have demonstrated that "all current and former" TRC and TRC subsidiary employees who were paid a daily rate are similarly situated.

Judge Howell issued his Report and Recommendation on February 22, 2024, recommending the Court grant Plaintiff's motion to certify with slight modifications to the proposed class and notice. (Dkt # 68.) Plaintiff objected to the Report on March 7, 2024. (Dkt. # 69.) Defendants filed a Response to the

objections on March 21, 2024.  (Dkt. # 71.)  Defendants also objected to the Report on March 7, 2024.  (Dkt. # 70.)  Plaintiff filed a Response to Defendants' objections on March 21, 2024.  (Dkt. # 72.)

## APPLICABLE LAW

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.  See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985).  A district court need not consider "[f]rivolous, conclusive, or general objections."  Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

DISCUSSION

In his Report, Judge Howell found that Plaintiff's proposed class are "similarly situated" for the purpose of a collection action under the meaning of the FLSA and that the putative class should be limited to positions subjected to the same pay scheme as Bandy whose claims fall into the standard three-year statute of limitations for willful violations under the FLSA. (Dkt. # 68.) As a result, Judge Howell recommends this Court authorize Bandy to send the proposed notice and consent forms to the following potential members of the collective action:

> All current and former land acquisition personnel, employed by, or working on behalf of TRC Companies, TRC Solutions, Inc., and/or TRC Field Services during the 3 years preceding class certification who were paid a day rate, received a toolkit allowance, and per diem, and who worked in excess of 40 hours in any workweek without being paid overtime compensation.

(Id. at 15.) Judge Howell further recommends this Court order the parties to confer on the specifics of the notice within 21 days of the date of adoption of this report and recommendation. Defendants should disclose to Bandy the potential class members' names, addresses, e-mail addresses, telephone numbers, and dates of employment in a useable electronic format to allow circulation of the notice and consent forms.

Plaintiff objected to the report. (Dkt. # 69.) Plaintiff first objected to Judge Howell's finding that equitable tolling of the statute of limitations is not warranted. (Id. at 5.) Plaintiff next objects to limiting the class to employees who

5

had the same pay scheme as Plaintiff. (Id. at 8.) Plaintiff also objected to Judge Howell excluding TRC Field Solutions, Inc. from the collective action definition. (Id. at 11–12.)

Defendants also objected to the report. (Dkt. # 70.) Defendants assert the Report adopted Plaintiff's assertions without rigorously evaluating the evidence as required by Swales. (Id. at 2.) Defendants also argue that the Report improperly determined Plaintiff met his burden to show there is a category of similarly situated employees. (Id. at 3.) Defendants ask the Court to deny Plaintiff's Motion to Certify Class. (Id. at 7.)

1. Equitable Tolling of the Statute of Limitations is Not Warranted

The FLSA provides for a three-year statute of limitations for willful violations. 29 U.S.C. § 255(a). Under the FLSA, the statute of limitations period runs until a plaintiff or a putative class member opts-in to a collective action by filing a Notice of Consent or files suit. 29 U.S.C. § 256.

A district court generally has the discretion to equitably toll the statute of limitations. See Granger v. Aaron's, Inc., 636 F.3d 708, 712 (5th Cir. 2011); Teemac v. Henderson, 298 F.3d 452, 456 (5th Cir. 2002). However, the Fifth Circuit only allows equitable tolling in FLSA litigation if the plaintiff demonstrates it has "acted diligently and the delay concerns extraordinary circumstances." Shidler v. Alarm Sec. Grp., LLC, 919 F. Supp. 2d 827, 830 (S.D. Tex. 2012)

(citing Caldwell v. Dretke, 429 F.3d 521, 530 n.23 (5th Cir. 2005)); Teemac, 298 F.3d at 457.  Moreover, equitable tolling should only be applied in "rare and exceptional circumstances."  Teemac, 298 F.3d at 457 (quoting Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998)); see also Caldwell, 429 F.3d at 530 n.23.  "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  Rashidi v. Am. President Lines, 96 F.3d 124, 128 (5th Cir. 1996).  "Courts may also grant equitable tolling when, 'despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'"  Orozco v. Anamia's Tex-Mex Inc, 3:15-CV-2800-L-BK, 2016 WL 6311237, at *1 (N.D. Tex. Oct. 6, 2016) (quoting Pacheco v. Rice, 966 F.2d 904, 906-07 (5th Cir. 1992)).  "The party who invokes equitable tolling bears the burden of proof."  Teemac, 298 F.3d at 457.

       Judge Howell found Plaintiff's assertion that he met the extraordinary circumstances element because the "stringent requirements of Swales[1] will inherently cause delays … [which] for obvious reasons, will negatively impact the cases of unsuspecting putative collective action members who likely are not even

---

[1] Swales v. KLLM Transportation Services, LLC, 985 F.3d 430, 441 (5th Cir. 2021) (setting the standard requiring a district court to "identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated' and to "authorize preliminary discovery accordingly.")

aware that their damages are dwindling as the statute of limitations runs against them" to be insufficient.  (Dkt. # 68 at 12 (quoting Dkt. # 24 at 4.))

Plaintiff objects that he has pled more than the inherent burden of Swales and therefore the Court should equitably toll the statute of limitations.  (Dkt. # 69 at 6.)  Plaintiff claims he was "actively misled by Defendant" when TRC Companies, Inc. denied its role of employer for over a year and withheld discovery from Plaintiff based on that assertion.  (Id.)  Plaintiff argues the Defendants "misrepresented and concealed facts relevant to ascertaining the proper employers, as defined by the FLSA, to be included to support Plaintiff's claims," including denying for over a year that they were Plaintiff's joint employer.  (Id. at 6–7.)  Therefore, Plaintiff maintains that it was Defendant's misleading of Plaintiff for an extended period "which in turn further extended the 'delays inherent in the Swales process,'" amounting to an extraordinary circumstance justifying an equitable tolling of the statute of limitations.  (Id. at 7.)

Defendants respond that no extraordinary circumstances exist.  (Dkt. # 71 at 2.)  Defendants argue that "Plaintiff cannot say, in good faith, that anything more that routine disputes about legal assertions took place in this litigation, and in no way was Plaintiff unreasonably misled or prevented from pursuing his rights."  (Id.)  "Defendants have long maintained that TRC Companies, Inc. did not employ Plaintiff," and they continue to maintain this position.  (Id. at 3.)  Defendant

8

notified Plaintiff of its position that TRC Companies, Inc. did not employ Plaintiff on April 20, 2022 in TRC Companies' Original Answer. (Dkt. # 6.) Defendants again asserted this position on September 26, 2022 in response to Plaintiff's discovery request. (Dkt. # 24, Exh. 2.) Plaintiff did not reach out for clarification until November 2022. (Dkt. # 71 at 3.) Any delay was "nothing more than routine disputes" and a failure on Plaintiff's part to promptly clarify Defendants' position. (Id.)

Upon review of the parties' filings, the Court finds that Plaintiff has not demonstrated extraordinary circumstances. Delays in class certification due to protracted litigation and opposition to certification and notice do "not present extraordinary circumstances justifying equitable tolling." Roberts v. Baptist Healthcare Sys., LLC, No. 1:20-CV-00092-MAC, 2022 WL 4493733, at *3 (E.D. Tex. Sept. 20, 2022) (collecting cases), report and recommendation adopted, No. 1:20-CV-92, 2022 WL 4491070 (E.D. Tex. Sept. 26, 2022); see also Robinson v. RWLS, LLC, No. SA-16-CA- 13 00201-OLG, 2017 WL 1535072, at *1 (W.D. Tex. Mar. 14, 2017) ("Routine litigation is not an extraordinary circumstance."). Additionally, Plaintiff's arguments that the time it has taken for this Court to decide its Motion for Class Certification gives reason to equitably toll is inapt. "Congress did not provide for tolling while a court considers whether to certify a case as a collective action." McKnight v. D. Houston, Inc., 756 F. Supp. 2d 794,

9

808-09 (S.D. Tex. 2010).  The three-year statute of limitations for willful violations under the FLSA applies.

2. <u>The Class Should be Limited to Employees Subjected to the Same Pay Scheme as Plaintiff to Allow Collective Application of the Salary Basis Test</u>

Judge Howell found that Plaintiff's Motion for Class Certification should be granted but that the class should be limited to those individuals subject to the same pay scheme as Plaintiff.  Judge Howell determined that the merits questions could be answered collectively for all individuals paid the same as Plaintiff, making certification for that class appropriate.  See <u>Swales v. KLLM Transportation Services, LLC</u>, 985 F.3d 430, 442 (5th Cir. 2021).

Plaintiff objects that the class does not need to be restricted to those individuals who were paid on a daily rate and also received per diem and toolkit allowance payments.  (Dkt. # 69 at 9.)  Plaintiff argues the per diem and toolkit allowance payments were paid on a daily basis.  (<u>Id.</u>)  Under <u>Helix Energy Sols. Grp., Inc. v. Hewitt</u>, employees paid on a daily rate are not paid on a salary basis and "therefore are entitled to overtime pay."  143 S. Ct. 677, 682-83 (2023).  According to Plaintiff, the additional forms of compensation afforded to Plaintiff were paid on a daily basis and therefore also do not alter the salary basis analysis.  "Therefore, to exclude 'day rate' employees who did not receive those additional forms of compensation is contrary to the remedial purposes of the FLSA."  (Dkt. # 69 at 9.)  The FLSA violation of the failure to pay overtime "remains unphased by

10

the supplemental compensation components and therefore should not be grounds for limiting the scope of the collective action where the issue can be resolved collectively." (Id. at 11.)

Defendants object that Plaintiff failed to establish that he or the other class members worked more than 40 hours per workweek and are owed overtime pay. (Dkt. # at 3.) Defendants claim no knowledge as to whether the proposed class members worked overtime. (Id. at 6 – 7.) Defendants argue Judge Howell failed to properly apply the Swales standard for certifying the class and that Plaintiffs have produced no evidence that the class is similarly situated. (Id. at 2.)

Plaintiff responds to Defendants' objections, stating that Defendants being unable to provide information as to whether the proposed class members worked overtime is not a reason to deny the motion to certify the class. (Dkt. # 72 at 8.) Rather, "notice should be provided to the similarly situated employees who were subjected to the same illegal pay scheme as Plaintiff and those putative collective action members will then have the opportunity to provide their own evidence regarding the hours that they worked based on just and reasonable inferences." (Id.) Plaintiff additionally points to his sworn testimony establishing that he worked overtime to refute Defendants' claim that he failed to provide evidence that he worked overtime. (Id. at 9.)

11

To certify a class, a court must find, through a rigorous analysis of the evidence, that the Plaintiff and purported class members are similarly situated. Swales, 985 F.3d at 441–443.  "While [the similarly situated] inquiry does not mean that the class members must be identically situated, it does mean that the Plaintiff must show a 'demonstrated similarity' among the purported class members, as well as a 'factual nexus' that binds the class members' claims together such that hearing the claims in one proceeding is fair to all parties and does not result in an unimaginable trial of individualized inquiries." Alvarez v. Nes Global LLC, 2021 U.S. Dist. LEXIS 151860, *5-6 (S.D. Tex Aug. 11, 2021) (citing Cotton-Thomas v. Volvo Grp. N. Am., LLC, No. 3:20-CV-113, 2021 U.S. Dist. LEXIS 99752, 2021 WL 2125003, at *2 (N.D. Miss. May 25, 2021) (citing Swales, 985 F.3d at 443)).

Here, that the purported class members held different positions at different locations and under different supervisors are not material to whether individuals under the same pay scheme as Plaintiff were also improperly denied overtime pay and therefore does not bar class certification, contrary to Defendants' objections.  Loy v. Rehab Synergies, L.L.C., 71 F.4th 329, 329 (5th Cir. 2023) (holding that differences in positions, locations, and supervisors, did not mean that the case could not proceed collectively, given the evidence that the employees were all subject to the same FLSA violation, namely being required to work "off-

12

the-clock" which was a question that could be resolved collectively.). Plaintiff has shown that hearing the claims in one proceeding will not "result in an unimaginable trial of individualized inquiries" but instead resolve a common question for individuals facing the same pay practices. Alvarez, 2021 WL 3571223, at *2-5 (finding employees of a staffing agency who worked in different positions for different clients in the oil and gas industry in different cities were similarly situated because they were paid a day rate, did not receive overtime, and did not receive guaranteed compensation); Young v. Energy Drilling Co., 534 F. Supp. 3d 720, 724-25 (S.D. Tex. 2021) (finding rig managers, drillers, and toolpushers were similarly situated because they were all subjected to the same pay policy).

The FLSA requires employers to pay 50 percent overtime for any time worked over 40 hours per week. See 29. U.S.C. § 207(a). To be exempt from this requirement an employee must: (1) meet certain criteria concerning the performance of executive, administrative, and professional duties; (2) meet certain minimum income thresholds; and, (3) be paid on a "salary basis." See 29 U.S.C. § 213(a)(1); 29 C.F.R. §§ 541.601, 541.100, 541.200, 541.300. Day rate employees, like Plaintiff, meet the salary basis test and are therefore exempt from overtime if the employee is paid a guaranteed minimum weekly amount regardless of the number of hours, days, or shifts worked, and if there is reasonable relationship

between the guaranteed weekly minimum and the amount actually earned.  Hewitt v. Helix Energy Sols. Grp., Inc., 15 F.4th 289, 293-94 (5th Cir. 2021), aff'd, 598 U.S. 39, 143 S. Ct. 677 (2023).

The Court finds that, even under the rigorous Swale analysis, the putative class members, if paid pursuant to the same pay policy and denied overtime, are similarly situated, and Plaintiff has introduced sufficient evidence of such.  Defendants will need to address the salary-basis test to show that Plaintiff and putative class members were not entitled to overtime. The merits of the salary basis requirement can be decided collectively, so the members of the proposed class are similarly situated for this purpose within the meaning of the FLSA.  See Alvarez, 2021 WL 3571223, at *5 ("Because the salary basis test component of [Defendant]'s 'highly compensated employee' defense can be decided collectively, the Court finds that the members of Plaintiff's proposed collective are 'similarly situated' within the meaning of FLSA, and the collective is hereby certified.").

Defendants argue that Plaintiff has not produced evidence other than his own testimony that he worked overtime.  (Dkt. # 70 at 4–5.)  Additionally, Defendants allege that "Plaintiff never notified his former employer that he was working 70-hour work weeks, and never identified any policies, practices, or expectations that he do so." (Id. at 5.)  The FLSA does not require Plaintiff to have notified Defendants of his overtime work.

14

To recover unpaid overtime under the FLSA, an employee must show that the employer "had knowledge, actual or constructive, that he was working." Loy, 71 F.4th at 337 (citing Newton v. City of Henderson, 47 F.3d 746, 748 (5th Cir. 1995)). The Fifth Circuit has established that constructive knowledge exists if an employer "exercising reasonable diligence" would have known employees were working overtime. Id. (citing Brennan v. Gen. Motors Acceptance Corp., 482 F.2d 825, 827 (5th Cir. 1973)). The FLSA considers whether an employer has reason to believe work is being performed. Employers are thought to have constructive knowledge if they should have acquired knowledge of overtime hours worked through reasonable diligence.

Plaintiff testified that he worked Monday through Saturday and usually arrived before 8am and sometimes before 7am. (Dkt. # 72 at 9.) He then left between 4 to 5pm. (Id.) If Plaintiff was in the office for 8 hours per day, 6 days a week, he was regularly working 48 hours per workweek. At minimum, Plaintiff was working 8 hours of overtime per workweek *in the office*. This is not counting the work Plaintiff alleges he completed after hours in his hotel room and on Sundays. Defendants should have acquired knowledge that Defendant was working more than 40 hours a week if they exercised reasonable diligence.

Additionally, Plaintiff does not need to show evidence that other class members worked overtime. When an employer fails to keep records establishing

whether employees worked overtime, a plaintiff need only comes forward with evidence that she has (1) performed work for which she was improperly compensated (2) shows the amount of unpaid overtime as a matter of just and reasonable inference. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686-88 (1946.)

> Once a plaintiff has made this prima facie showing, '[t]he burden then shifts to the employer to come forward with evidence' that rebuts the plaintiff's claims. The employer can discharge this burden by presenting either 'evidence of the precise amount of work performed or . . . evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.' If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate. While the Mt. Clemens framework might seem 'lenient,' it is 'rooted in the view that an employer [should not] benefit from its failure to keep required payroll records, thereby making the best evidence of damages unavailable.'"

Flores v. FS Blinds, L.L.C., 73 F.4th 356, 362 (5th Cir. 2023) (internal citations omitted). It is Defendants' burden to produce evidence to refute Plaintiff's claims that he worked overtime and that there are similarly situated employees who also worked overtime. They produce no such evidence as to Plaintiff, and Defendants will bear the burden to prove that class members did not work any unpaid overtime. Id.

Finally, the Court agrees with Judge Howell's determination that the class should be limited to those individuals subject to the same pay scheme as Plaintiff. While the additional compensation schemes Plaintiff received were also

16

paid daily and does not impact the salary basis test, the class must be limited to the individuals who experience the same pay scheme. For example, in Young v. Energy Drilling Co., the court found that rig managers, drillers, and toolpushers were similarly situated because they were all subjected to the same pay policy. 534 F. Supp. 3d 720, 724-25. The class here should be limited to those subject to the same pay policy as Plaintiff, including the additional compensation schemes Plaintiff received, rather than any employee receiving a day rate without the additional forms of compensation.

3. TRC Field Solutions, Inc. Should Not be Included in the Collective Action Definition

Plaintiff objects to Juge Howell's failure to include the TRC subsidiary TRC Field Solutions, Inc. from the class definition. (Dkt. # 69 at 11–12.) Defendants do not respond to this objection. Defendants' corporate representative has referred to TRC Field Solutions, Inc. as an "independent sector within the TRC [Companies, Inc.] corporate model." (Dkt. # 69-1 at 3.)

Plaintiff's Amended Complaint lists TRC Companies, Inc. and its subsidiaries TRC Engineers, Inc., TRC Solutions, Inc., and TRC Field Services, Inc. as defendants. (Dkt. #45 at 2–3.) Plaintiff does not at any point mention TRC Field Solutions, Inc. Additionally, Plaintiff suggested the Court adopt this class definition in both its Amended Complaint and Motion to Certify Class:

> All current and former employees, employed by, or working on behalf of, **TRC Companies, Inc., TRC Solutions, Inc., and/or TRC Field Services**, who worked in excess of 40 hours in any workweek, and who were paid a day rate which failed to include overtime compensation at any time during the three (3) years preceding the filing of Plaintiff's Complaint (the "Putative Collective Action Members").

(Dkts. # 45-1 at 4, 48 at 5.) Even Plaintiff's own proposed class definition excludes TRC Field Solutions, Inc.

The Court finds Judge Howell excluded TRC Field Solutions, Inc. from the class definition because Plaintiff never named this subsidiary in the complaint or included it in its proposed class definition. Plaintiff should have corrected the omission of TRC Field Solutions, Inc. in one of its two amended complaints or its Motion to Certify Class. The Court declines to add a new defendant at this stage on this procedural posture.

<u>CONCLUSION</u>

For these reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 68) and **GRANTS** Plaintiff's Motion to Certify Class. (Dkt. # 48.)

**IT IS FURTHER ORDERED:**

1. Plaintiff is authorized to send the proposed notice and consent forms to the following potential members of the collective action:

    > All current and former land acquisition personnel, employed by, or working on behalf of TRC Companies,

   TRC Solutions, Inc., and/or TRC Field Services during the 3 years preceding class certification who were paid a day rate, received a toolkit allowance, and per diem, and who worked in excess of 40 hours in any workweek without being paid overtime compensation.

2. The parties must meet to confer on the specifics of the notice within 21 days of the date of this order.

3. Defendants must disclose to Bandy the potential class members' names, addresses, e-mail addresses, telephone numbers, and dates of employment in a useable electronic format.

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, April 11, 2024.

_____
David Alan Ezra
Senior United States District Judge

19